# MEMORANDUM DECISIONS

FEDERAL SYSTEM OF BAKERIES OF AMERICA, Inc., v. ULMAN. In re FEDERAL SYSTEM OF BAKERIES OF MARYLAND, Inc. (Circuit Court of Appeals, Fourth Circuit. October 21, 1922.) No. 1998. Cross-Appeals from the District Court of the United States for the District of Maryland, at Baltimore. In Bankruptcy; John C. Rose, Judge. In the matter of the bankruptcy of the Federal System of Bakeries of Maryland, Inc. Petition by the Federal System of Bakeries of America, Inc., to reclaim property, opposed by Joseph N. Ulman, trustee in bankruptcy, was granted in part (278 Fed. 523), and petitioner appeals, and the trustee cross-appeals. Affirmed. George S. Yost and Chester F. Morrow, both of Baltimore, Md., for appellant and cross-appellee. Paul R. Kach and J. Purdon Wright, both of Baltimore, Md. (Clarence A. Tucker, of Baltimore, Md., on the brief), for appellee and cross-appellant. Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

PER CURIAM. After careful consideration of the record and of the arguments of counsel, we are satisfied with the disposition of this case in the court below, and with the reasons assigned therefor by the learned District Judge. The decree is accordingly affirmed on his opinion. Affirmed.

---

GUILIANA et al. v. UNITED STATES. (Circuit Court of Appeals, Third Circuit. October 4, 1922.) No. 2708. In Error to the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge. Robert A. Guiliana and Jacob Dultz were convicted of violating the Harrison Anti-Narcotic Act, and the latter brings error. Affirmed. Harrison P. Lindabury, of Newark, N. J., for plaintiff in error Dultz. Elmer H. Geran, U. S. Atty., of Trenton, N. J., and Frederic M. P. Pearse, of Newark, N. J., for United States. Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

BUFFINGTON, Circuit Judge. In the court below, Jacob Dultz, a druggist, and Robert A. Guiliana, a physician, were tried, convicted, and sentenced upon indictments charging them with violation of the Harrison Anti-Narcotic Act, approved December 17, 1914 (Comp. St. §§ 6287g–6287q), in the sale of drugs, and also with conspiracy to violate section 2 of that act (Comp. St. § 6287h). Thereupon Dultz, one of the defendants, sued out this writ of error. While minor questions were discussed, in all of which we find no error, the substantial one involved is whether Dultz was, under the proofs, entitled to peremptory instructions. This has necessitated the detailed examination of the voluminous testimony, and that, we may add, has been done by the judges individually and the same discussed collectively, a statement we deem proper to make in view of our filing no opinion. The question is wholly as to the sufficiency of the evidence to make the case one for a jury. As no principle of law is involved, we do not deem it either necessary or indeed advisable to cumber the reports by reciting at length the proofs which warranted and necessitated a submission of the case to the jury. We restrict ourselves to saying the case was properly tried and submitted, and we see no reason why the sentence imposed on Dultz should not be enforced. The judgment is therefore affirmed and the case remitted.